UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRENCE KEYTON ROLLINS                          CIVIL ACTION

VERSUS                                            NUMBER: 19-10879

TIMOTHY JONES, ET AL.                             SECTION: "H"(5)

## REPORT AND RECOMMENDATION

Presently before the Court is the Rule 12(b)(6) motion to dismiss of named Defendant, the New Orleans Police Department ("NOPD"). (Rec. doc. 30). Plaintiff has filed no memorandum in opposition to Defendant's motion.[1/] For the reasons that follow, it is recommended that Defendant's motion be granted.

Plaintiff is an inmate of the Columbia Regional Care Center in Columbia, South Carolina, who faces drug-related charges here in the matter entitled *United States of America v. Rollins*, No. 19-CR-162 "T"(1). In the above-captioned matter brought pursuant to 42 U.S.C. §1983, Plaintiff sued the NOPD and two of its officers complaining of the adequacy of the medical care he received following his arrest on August 1, 2018. (Rec. doc. 1). The NOPD now moves for the dismissal of Plaintiff's claims as to it, arguing that it is incapable of being sued under §1983.

The law is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights,

---

[1/] As Plaintiff has filed no memorandum in response to Defendants' motion, timely or otherwise, the Court may properly assume that he has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same).

privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that score, police departments of cities like the NOPD are not considered to be "persons" within the meaning of §1983. *Causey v. Parish of Tangipahoa*, 167 F.Supp. 2d 898, 909 (E.D. La. 2001); *Melancon v. New Orleans Police Dept.*, No. 08-CV-5005, 2009 WL 249741 at *1-2 (E.D. La. Jan. 30, 2009). In light of these authorities, it will be recommended that Defendant's motion be granted and that Plaintiff's §1983 claim against the NOPD be dismissed.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Defendant's motion be granted and that Plaintiff's §1983 claim against it be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

New Orleans, Louisiana, this  23rd  day of      December      , 2019.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.