## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TERRENCE ROLLINS**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO: 19-10879**

**TIMOTHY JONES ET AL.**                          **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Doc. 107). For the following reasons, the Motion is GRANTED IN PART.

## BACKGROUND

Plaintiff Terrence Rollins is a wheelchair-bound, paraplegic man whose right leg is amputated below the knee. Plaintiff alleges that he was denied medical care by officers from the New Orleans Police Department (NOPD) after they found him in medical distress during the execution of a search warrant. Specifically, he alleges that NOPD Detectives Timothy Jones and Jules Martin found him lying on the floor of a bedroom, dazed and groaning in pain. Plaintiff had lost control of his bowels and bladder, and his catheter and adult diaper needed to be emptied and replaced. He alleges that despite his obvious medical

1

distress, his requests for medical attention were ignored, and he was taken to the police station for questioning. After the officers unsuccessfully attempted to interrogate Plaintiff for several hours, he was taken to the hospital. There, it was revealed that he had sepsis, and he underwent extensive, long-term treatment to recover. Plaintiff alleges that the delay in treatment significantly exacerbated his condition and the length of time it took him to recover. Plaintiff brings claims pursuant to § 1983, the Americans with Disabilities Act, and the Rehabilitation Act against Jones, Martin, and the City of New Orleans.

Defendants have filed the instant Motion to Dismiss Plaintiff's claims, arguing that he has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will address each of Defendants' arguments in turn.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[7]

## LAW AND ANALYSIS

In his Third Amended and Supplemental Complaint ("Complaint"), Plaintiff brings a § 1983 claim against Defendants Jones and Martin for violation of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and against Defendant City of New Orleans for failing to adequately train its officers. Plaintiff also brings claims against all three Defendants under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Defendants argue that Plaintiff has failed to state a claim for violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments, for municipal liability, for failure-to-train, or under the ADA or the RA. This Court will consider each claim in turn.

### A. Section 1983 Claims against Jones and Martin

Defendants argue that Plaintiff's Complaint fails to allege § 1983 claims for violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

---

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[7] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

### a. Fourth Amendment

Plaintiff argues that his Fourth Amendment rights were violated where the officers inflicted unnecessary pain that was "excessive and unreasonable in light of the facts and circumstances."[8] In so arguing, Plaintiff cites to cases considering excessive force claims under the Fourth Amendment. To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must allege "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable."[9] Here, Plaintiff has not alleged any use of force against him. Further, Plaintiff has not cited this Court to any case maintaining a Fourth Amendment claim absent a use of force. Accordingly, this claim fails.

### b. Fifth Amendment

Next, Plaintiff alleges that his Complaint states a Fifth Amendment claim because Defendants inflicted punishment upon him without due process. Indeed, "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."[10] However, "the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government as in the present case."[11] Plaintiff has not alleged any actions taken by federal actors. Accordingly, this claim also fails.

---

[8] Doc. 111 at 11.
[9] Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004).
[10] Bell v. Wolfish, 441 U.S. 520, 535 (1979).
[11] Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996).

### c. Sixth Amendment

Next, Plaintiff argues that he has alleged a Sixth Amendment claim because "as a detained suspect, he had a right to counsel that could only be waived as a product of 'free and deliberate choice rather than intimidation, coercion or deception.' Defendants violated this right by allegedly using Mr. Rollins' condition to pressure him to consent to interrogation."[12] It is well settled, however, that the "right to counsel guaranteed by the Sixth Amendment attaches when adversary proceedings are commenced against the defendant."[13] "The adversary process begins at arraignment or indictment."[14] Plaintiff does not allege that he was arraigned on any charges. Accordingly, this claim fails.

### d. Fourteenth Amendment

Finally, Plaintiff argues that he has alleged a § 1983 claim for violation of his Fourteenth Amendment rights where his Complaint alleges that he had serious medical needs that were treated with deliberate indifference by Defendants. Indeed, "the Fourteenth Amendment protects pretrial detainees' right to medical care . . . . A government official violates a Fourteenth Amendment right when the official acts with deliberate indifference to a detainee's serious medical needs."[15] Plaintiff alleges that Defendants ignored his obvious need for medical care, as well as his requests for medical care,

---

[12] Doc. 111 at 11.

[13] Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000).

[14] Torres-Lopez v. Scott, No. 2:13-CV-061-J, 2013 WL 2479707, at *4 (N.D. Tex. June 10, 2013).

[15] Est. of Bonilla by & through Bonilla v. Orange Cty., Texas, 982 F.3d 298, 305 (5th Cir. 2020).

5

either because they were deliberately indifferent to his health or in order to use his condition to force him to cooperate with an interrogation. The Court finds these allegations sufficient to state a § 1983 claim for violation of the Fourteenth Amendment, and Defendants do not present any specific argument otherwise. Accordingly, Plaintiff's claim survives.

e. *Eighth Amendment*

Plaintiff has also asserted a § 1983 claim for violation of his Eighth Amendment rights. Defendants do not move for dismissal of this claim, but this Court finds *sua sponte* that Plaintiff's Complaint does not support a claim for violation of the Eighth Amendment. It is well-settled that "[t]he protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees such as the plaintiff[]."[16] Plaintiff's Complaint does not allege that he was a convicted prisoner at the time of the incident of which he complains. "[A] district court may dismiss a claim on its own motion 'as long as the procedure employed is fair'. . . .[F]airness in this context requires both notice of the court's intention and an opportunity to respond."[17] Accordingly, Plaintiff may file an opposition to the dismissal of his § 1983 claim for violation of his Eighth Amendment rights within 10 days of the entry of this Order.

---

[16] Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996).

[17] Davoodi v. Austin Indep. Sch. Dist., 755 F.3d 307, 310 (5th Cir. 2014) (internal quotations and citations omitted).

**B. Section 1983 Claims against City of New Orleans**

Defendants next argue that Plaintiff's Complaint does not state a claim against Defendant City of New Orleans ("CNO") under § 1983 for municipal liability or failure to train.

*a. Municipal Liability*

In his Complaint, Plaintiff alleges that the common practice at the NOPD was to ignore detainee's medical needs, assuming they were exaggerating or fabricating symptoms. In support of this allegation, Plaintiff points to the consent decree entered into by the NOPD shortly before the incident at issue here in which it adopted new policies regarding when medical attention is summoned. Defendant CNO argues that these allegations are conclusory and do not support a claim for § 1983 municipal liability.

To succeed on a claim for municipal liability, "a plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy."[18] Accordingly, a plaintiff asserting a § 1983 claim against a municipality must allege "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom."[19] "The ultimate question in deciding the sufficiency of a complaint is whether a person has alleged facts to show that a policymaker promulgated or ratified an unconstitutional policy or custom that resulted in injury to him or her."[20] A

---

[18] Valle v. City of Houston, 613 F.3d 536, 541–42 (5th Cir. 2010) (citing Monell v. Dept. of Social Servs., 436 U.S. 658, 691 (1978)).

[19] *Id.* (internal quotation omitted).

[20] May v. City of Arlington, Texas, 398 F. Supp. 3d 68, 78 (N.D. Tex. 2019), *supplemented*, No. 3:16-CV-1674-L, 2019 WL 1429662 (N.D. Tex. Mar. 28, 2019).

plaintiff "must plead facts that plausibly support each element of § 1983 municipal liability."[21]

This Court finds that Plaintiff's allegations do not support a claim for municipal liability. Plaintiff has not alleged any facts that would support an inference that a policymaker ratified the custom of ignoring the medical needs of detainees. The mere fact that the NOPD adopted new policies regarding when medical attention is summoned does not support that inference. Accordingly, Plaintiff's claim for municipal liability against CNO is dismissed.

b. *Failure to Train*

Plaintiff also alleges that CNO failed to adequately train NOPD officers. To assert a failure-to-train claim, a plaintiff must allege that "1) the [city] failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights."[22] Plaintiff alleges that CNO inadequately trained its NOPD officers to recognize when an individual requires immediate medical attention, to provide medical attention when an individual legitimately requests it, or to accommodate individuals with disabilities who require certain medical supplies. Further, he alleges that CNO failed to train NOPD officers on appropriate conditions for custodial interrogations, such as not holding individuals for questioning while they are experiencing a medical emergency or recognizing signs that a detainee is experiencing a medical situation that may affect his or her cognitive abilities.

---

[21] Peña v. City of Rio Grande, Tex., 879 F.3d 613, 621 (5th Cir. 2018).
[22] *Id.* at 623.

He alleges that the failure to train officers on these topics directly caused his injury.

A "pattern of similar constitutional violations by untrained employees is ordinarily required to show deliberate indifference."[23] However, "even absent proof of pattern, deliberate indifference can still be inferred if the factfinder determines that the risk of constitutional violations was or should have been an 'obvious' or 'highly predictable consequence' of the alleged training inadequacy." Courts, however, have found this inference in only narrow circumstances. The Fifth Circuit has advised that such an inference is possible only when the municipal entity has failed "to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face."[24]

Plaintiff does not attempt to allege a pattern of similar constitutional violations to establish his failure-to-train claim. Rather, he relies on the single-incident exception and argues that the risk of constitutional violation was an obvious result of the training inadequacies identified. Defendant points out, however, that Plaintiff has not alleged a complete failure to train NOPD officers on the medical needs of detainees. He alleges that the training they received was inadequate. The Fifth Circuit has advised that the single-incident exception "is generally reserved for those cases in which the government actor was provided no training whatsoever."[25] Accordingly, Plaintiff has failed to

---

[23] *Id.*
[24] Littell v. Houston Indep. Sch. Dist., 894 F.3d 616, 624 (5th Cir. 2018).
[25] *Peña*, 879 F.3d at 624.

allege sufficient facts to establish the deliberate indifference prong of his failure-to-train claim.

That said, Plaintiff does allege a complete failure to train NOPD officers on appropriate conditions for custodial interrogation. The Court does not find, however, that the risk of an officer violating a detainee's right to medical care "was or should have been a highly predictable consequence" of a failure to train officers on appropriate custodial conditions.[26] The violation of Plaintiff's Fourteenth Amendment rights was a result of the officers' failure to provide medical care, not their attempts to interrogate him under inappropriate conditions. Accordingly, Plaintiff's failure-to-train claims are dismissed.

### C. Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA")

Defendants argue that Plaintiff's claims under the ADA and RA fail because (1) he alleges only conclusory allegations that he was treated differently from similarly situated individuals without a disability, and (2) he does not allege that his condition was obvious.[27] This Court does not find these arguments availing.

First, there is no requirement that Plaintiff allege that he was treated differently from other similarly situated individuals without a disability to state a claim under the ADA or the RA. To state a claim of discrimination under Title II of the ADA, a plaintiff must allege: (1) that he is a qualified individual

---

[26] *Id.* at 625.

[27] "The ADA and the Rehabilitation Act generally are interpreted *in pari materia*. Indeed, Congress has instructed courts that nothing in [the ADA] shall be construed to apply a lesser standard than the standards applied under title V [i.e., § 504] of the Rehabilitation Act . . . or the regulations issued by Federal agencies pursuant to such title." Frame v. City of Arlington, 657 F.3d 215, 223–24 (5th Cir. 2011) (internal quotations omitted).

with a disability; (2) that he has been excluded from participation in, or denied the benefits of the services, programs, or activities of a public entity, or otherwise discriminated against by such entity; and (3) that such exclusion or discrimination was by reason of his disability.[28] Courts have found that a public entity "'cannot prevent a qualified individual with a disability from enjoying any aid, benefit, or service, . . . regardless of whether other individuals are granted access.' Therefore, a plaintiff is not required to identify a 'comparison class' of 'similarly situated individuals given preferential treatment.'"[29]

Second, Defendants' suggestion that Plaintiff's Complaint does not "plausibly support an inference that any defendant actually knew about his alleged suffering" is disingenuous.[30] Plaintiff's Complaint clearly alleges the state in which he was found by the NOPD officers, the fact that they openly complained of the smell and mocked his condition, and that Plaintiff requested medical care. Accordingly, Defendants' arguments for dismissal of these claims fails.

## **CONCLUSION**

For the foregoing reasons, the Motion is GRANTED IN PART. Plaintiff's § 1983 claims for violation of his Fourth, Fifth, and Sixth Amendment claims against Defendants Jones and Martin and his § 1983 claims for municipal

---

[28] Ramos v. Louisiana Dep't of Health & Hosp., No. 08-0002, 2010 WL 4363957, at *3 (E.D. La. Oct. 25, 2010).

[29] Van Velzor v. City of Burleson, 43 F. Supp. 3d 746, 755 (N.D. Tex. 2014) (quoting Henrietta D. v. Bloomberg, 331 F.3d 261, 276 (2d Cir. 2003)).

[30] Doc. 114.

liability and failure to train against Defendant City of New Orleans are DISMISSED WITHOUT PREJUDICE. Plaintiff's § 1983 claim for violation of his Fourteenth Amendment rights against Jones and Martin and his claims under the ADA and RA against all Defendants remain pending.

IT IS FURTHER ORDERED that Plaintiff may file an opposition to the *sua sponte* dismissal of his § 1983 claim for violation of his Eighth Amendment right within 10 days of this Order. Failure to do so will result in dismissal of that claim.

IT IS FURTHER ORDERED that Plaintiff may amend his Complaint within 20 days of this Order to the extent that he can remedy the deficiencies identified herein.

New Orleans, Louisiana this 12th day of August, 2021.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

12